UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBBINS, #340564

        Plaintiff,                         Case No. 11-15140

v.                                          District Judge Robert H. Cleland
                                              Magistrate Judge R. Steven Whalen

JOHN PAYNE, ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Michael Robbins, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. Before the Court is Plaintiff's motion for preliminary injunction [Doc. #3], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

**I.   FACTS**

In his complaint [Doc. #1] and in the present motion [Doc. #3], Plaintiff alleges that the Defendants Prison Health Services ("PHS") and its employees, all medical personnel, have failed to provide him with pain medication or other required medical treatment. He alleges that Defendant Payne, a Physician's Assistant, administered too much insulin, which caused neuropathy. He claims that Defendant Dr. Jenkins refuses to provide him pain medication or a referral to a neurologist, and that PHS has denied treatment and medication in order to save money. In this motion, he seeks injunctive

relief requiring PHS to prescribe pain medication, to refer him to a neurologist, and to otherwise "treat his pain and injuries." *Motion*, p. 1.

In their response to Plaintiff's motion, Defendants have submitted the affidavit of Harriett Squier, M.D. [Doc. #17, Exhibit A]. Dr. Squier confirms that Plaintiff suffers from diabetic neuropathy and has complaints of chronic pain. *Id.* ¶ 4. She describes Plaintiff's ongoing medical treatment, stating that he is seen by medical staff a couple of times a week, and has been prescribed multiple pain medications. She states that most recently, he was prescribed Tegretol, Elavil and Pamelor, all of which are long-acting pain medications. *Id.* ¶¶ 9-11. Dr. Squier states that Plaintiff was not prescribed Neurontin, another long-acting pain medication, because "it is highly addictive, abused and diverted among the prison population. In addition, Neurontin is not a superior medication to the other long acting medications used to treat chronic pain. As a result, it is rarely prescribe to inmates. Mr. Robbins does not require Neurontin." *Id.* ¶ 12.

Dr. Squier also states, "Mr. Robbins' request for a referral to a neurologist is not medically indicated. A specialist is not needed for Mr. Robbins' pain management and his diagnosis is not in question. Mr. Robbins is being provided an ongoing course of treatment for his pain management." *Id.* ¶ 13. Finally, Dr. Squier concludes, "Mr. Robbins has been provided continuous and appropriate medical evaluations, care and treatment for his diabetic neuropathy including continuous treatment of his underlying diabetes and the administration of multiple long acting pain medications for chronic pain in accordance with the recommendations of the PMC."[1] *Id.* ¶ 15.

---

[1] "PMC" refers to the Pain Management Committee of the MDOC.

## II. STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of

material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III. ANALYSIS
#### A. Likelihood of Success

This motion, as well as the corresponding portion of the complaint, involves Plaintiff's allegations of deliberate indifference to his serious medical conditions. Under the Eighth and Fourteenth Amendments, prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble,* 429 U.S. 97, 103-104; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

Deliberate indifference to medical needs may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Estelle v. Gamble, supra; Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999), citing *Estelle v. Gamble, supra*, 97 S.Ct. at 292 ("Deliberate

indifference, however, does not include negligence in diagnosing a medical condition").

Dr. Squier's affidavit shows that Plaintiff has received continuous medical evaluation and treatment, including prescriptions for long-acting pain medication. That the Plaintiff disagrees with this course of treatment does not amount to deliberate indifference, and at most would raise a state tort law question of medical negligence. *Sanderfer v. Nichols, supra*. Thus, the Plaintiff has not demonstrated a strong likelihood of success on his Eighth Amendment claim.

### B.   Irreparable Harm

Again, this is not a case where the Plaintiff has received *no* medical treatment, and to the extent that he argues that the Defendants have not been sufficiently attentive to his needs, or that the treatment has not been efficacious, he has stated no more than a personal disagreement with his doctors. He has not shown, beyond speculation, that he will be irreparably harmed if the Court does not grant injunctive relief. Injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003).

### C.   Harm to Others / Public Interest

These last two factors pertinent to injunctive relief may be viewed together. In this motion, as well as in his complaint, the Plaintiff asks that the Defendants be ordered to undertake specific medical actions. The MDOC has an interest in promulgating and enforcing prison regulations, including reasonable rules involving prisoner health care, and in contracting with licensed medical providers such as PHS. The public has an interest both in ensuring that prison inmates receive medical care, and also in having a well-regulated and operated prison system. PHS and its medical personnel have an interest in practicing medicine based on their best medical judgment and on the needs of

their patients. By granting the requested injunctive relief in this case, the Court would be in the untenable position of second-guessing and countermanding Defendants' medical decisions.

In conclusion, a balancing of the factors weighs substantially against the grant of preliminary injunctive relief.

### IV. CONCLUSION

For these reasons, I recommend that Plaintiff's motion for preliminary injunction [Doc. #3] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in

the same order and labeled ad "Response to Objection #1," "Response to Objection #2," etc.

                                                  s/ R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Date:  July 9, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 9, 2012.

| | |
|---|---|
| Michael Robbins, #340564<br>G. Robert Cotton Correctional Facility<br>3500 N Elm Ave<br>Jackson, MI 49201-8887 | s/Johnetta M. Curry-Williams<br>Case Manager |