UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBBINS, #340564

       Plaintiff,                    Case No. 11-15140

v.                                      District Judge Robert H. Cleland
                                           Magistrate Judge R. Steven Whalen

JOHN PAYNE, ET AL.,

       Defendants.

_____/

**OPINION AND ORDER GRANTING
MOTION TO FILE AN AMENDED AND/OR SUPPLEMENTAL COMPLAINT**

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint and/or Supplemental Complaint [Docket #28] filed August 20, 2012.

On November 21, 2011, Plaintiff, a *pro se* prison inmate in the custody of the Michigan Department of Corrections (MDOC), filed a civil rights complaint, alleging Eighth Amendment violations pursuant to 42 U.S.C. §1983 by Prison Health Services and various individuals involved in his treatment for diabetes mellitus.

**I. BACKGROUND FACTS**

Plaintiff alleges that after being discharged from Sparrow Hospital in Lansing, Michigan on December 22, 2010, Defendant John Payne, a Physician's Assistant administered a series of insulin "overdoses," resulting in the condition of diabetic neuropathy. *Complaint* at ¶¶10-12. Plaintiff claims that Payne administered the doses

despite being warned by other health care providers that large doses of insulin could cause neuropathy. *Id.* at ¶16. Upon first being diagnosed with neuropathy in January, 2011, Plaintiff was prescribed Neurontin for thrice daily use for pain associated with the condition. *Id.* at ¶17. He was discharged from Sparrow Hospital on February 8, 2011 with instructions to continue the use of Neurontin for pain relief. *Id.* at ¶¶20-21. He alleges that Defendant Stieve, a physician employed by the MDOC, denied his request that the prescription be renewed, despite being made aware that Plaintiff required Neurontin for pain management. *Id.* at ¶¶22-23.

Plaintiff alleges that on April 27, 2011, he was examined by Defendant Dr. Sudhir who told him that the Tylenol and Motrin currently prescribed were ineffective in addressing pain as a result of neuropathy. *Id.* at ¶27. Nonetheless, Dr. Sudhir declined to provide him with effective pain medication or refer him to a neurologist on the basis that "[i]t's too expensive and you're not being very nice." *Id.* ¶¶28, 33. Likewise, during a June 16, 2011 examination, Defendant Dr. Jenkins refused to refer Plaintiff to a specialist or prescribe Neurontin, telling Plaintiff that Defendants were "trying to save money." *Id.* at ¶¶34-41.

Plaintiff claims that he unfairly received a substance abuse misconduct when he refused to take a prescribed diabetes pill in protest of his lack of proper treatment.[1] *Id.* at ¶¶31-32. Plaintiff alleges that Defendant Prison Health Services, under contract to the MDOC to provide health care for prison inmates, "reduced or denied" access to medications

---

[1] Plaintiff, does not however, allege that the misconduct ticket was issued in retaliation for asserting his Eighth Amendment rights.

required for the treatment of his condition for the purpose of saving money. *Id.* at ¶¶43-45. He requests injunctive relief and monetary damages.

The proposed supplement to the original complaint alleges that on September 8, 2011, Defendant Dr. Jenkins offered to treat the ongoing symptoms of neuropathy with Tegretol, to which Plaintiff responded that he was unable to tolerate antidepressants. *Docket #28.* at ¶2. Despite Plaintiff's warning, on October 3, 2011, Dr. Jenkins prescribed Tegretol. *Id.* at ¶3. Plaintiff alleges that Tegretol, a psychotropic medication, "is *not* a treatment for neuropathy" and further, exacerbates his heart condition and hypertension *Id.* at ¶¶4-5. He claims that Dr. Jenkins was aware of Plaintiff's conditions and the possible side effects at the time the medication was prescribed. *Id.* at ¶5. Plaintiff alleges that his Tegretol usage resulted in tachycardia, headaches, incontinence, fatigue, and stomach pain and that on October 12, 2011 he required emergency medical treatment. *Id.* at ¶7. Upon Plaintiff's October 13, 2011 hospital release, he claims that Dr. Jenkins prescribed Elavil, another psychotropic medication he is unable to tolerate. *Id.* at ¶8. Plaintiff asserts that Dr. Jenkins was aware that both Tegretol and Elavil were ineffective in treating neuropathy, but nonetheless prescribed these medications instead because Neurontin was "too expensive." *Id.* at ¶9. After the present action was filed, Dr. Jenkins allegedly stated that the lawsuit prevented him from prescribing Neurontin and that "the Court would have to prescribe it." *Id.* at ¶10. In addition to the above-described Eighth Amendment violations, Plaintiff claims that Dr. Jenkins refused to prescribe Neurontin in retaliation for being named in the present lawsuit. *Id.* at ¶13.

## II. STANDARD OF REVIEW

Under Fed.R.Civ.P. 15(a), motions to amend are addressed to the Court's discretion. In deciding whether to allow an amendment, "the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. American Electric Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir.2001). Despite the general rule of liberality with which leave to amend is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, *see Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the court may properly deny the amendment. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir.2000); *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 382–83 (6th Cir.1993).

## ANALYSIS[2]

Defendants argue that because Plaintiff's supplemental allegations were not exhausted at the time the original complaint was filed on November 21, 2007, the present motion should be denied. *Defendants' Brief* at 4 (citing *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.

---

[2] Under Rule 15(a) a party may seek to add claims concerning events predating the original complaint, whereas under Rule 15(d), "the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Here, Plaintiff seeks to add claims related to events both before and after November 21, 2011.

1999)). They also contend that the proposed amendment fails to state a claim of either First or Eighth Amendment violations. *Id.* at 4-7.

### A. Exhaustion

Defendants concede that it is possible that the amended claims were exhausted at the time Plaintiff filed the present motion, but argue that because they were not exhausted at the time the lawsuit was filed, they must be dismissed. At present, because Defendants have presented no evidence contradicting Plaintiff's assertion that he has exhausted the newer claims (albeit after the lawsuit was filed) the Court will proceed with its analysis under the assumption that the new claims have been exhausted.

### 1. General Principles

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's

deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011).

### 2. Application to the Proposed Amended/Supplemental Complaint

The proposed amended claims can be divided into two groups: events occurring prior to the filing of the November 21, 2011 complaint and those occurring after. As to the latter group, case law from this district and elsewhere supports the conclusion that 1997e(a) does not bar supplemental claims pertaining to events occurring after the action was filed:

> Defendants' extension of *Freeman's* prohibition on amending to allege exhaustion completed during the pendency of an action to supplemental claims which are fully exhausted at the time they are proposed would render Rule 15(d) wholly inapplicable to prisoner actions. By definition, any supplemental claim permissible under Rule 15(d) arises after the original complaint is filed, and therefore administrative remedies will never have been exhausted at the time of the filing of the original complaint. Thus, under defendants' argument the PLRA's exhaustion requirement, 42 U.S.C. § 1997e(a) and *Freeman* effectively repeal Rule 15(d) with respect to prisoner actions. Nothing in the language of either § 1997e(a) or Freeman compels this result, and had Congress intended this result it would have spoken more clearly on the matter.

*Lee v. Birkett,* 2009 WL 3465210, *2 (E.D.Mich. October 23, 2009)(Hluchaniuk, J.)(citing

*Murphy v. Grenier,* 2009 WL 1044832, *20 (E.D.Mich.2009); *see also Spies v. Voinovich,* 48 Fed.Appx. 520, 527, 2002 WL 31182350, *7 (6th Cir. September 30, 2002); *Hoyt v. Rogers,* 2011 WL 940350, *4 (E.D.Mich.,2011)(Hood, J.)(plaintiff permitted to supplement with post-complaint allegations of retaliation). Adopting the reasoning of *Lee,* I conclude that neither the language of 1997e(a) nor *Freeman* bars Plaintiff from amending to include the latter allegations of retaliation.

Plaintiff shall be likewise permitted to amend his complaint to include the Eighth Amendment allegations pertaining to events occurring between September 8, 2011 and November 21, 2011. The Court is persuaded by the reasoning in *Brown v. Warden Ross Correctional Inst.,* 2012 WL 3527274, *12 (S.D.Ohio August 15, 2012)(dismissing on other grounds) in which the court declined to accept defendants' argument that claims not exhausted at the time of the complaint (but later raised as amended claims after being fully exhausted) were barred by *Freeman. Id.* (citing *Rhodes v. Robinson,* 621 F.3d 1002, 1006–07 (9th Cir.2010)(asserting newly exhausted claims in an amended pleading does not run afoul of the PLRA exhaustion requirement); *Smith v. Olsen,* 455 F. App'x 513, 515–16 (5th Cir. December 28, 2011); *Cannon v. Washington,* 418 F.3d 714, 719 (7th Cir.2005).

First, the practical effect of denying the proposed claims would be that Plaintiff would reassert them in a second complaint "that presumably could be consolidated with the pending action." *Brown,* at *11. Instead, directing Plaintiff to file an amended complaint including both the original and interrelated latter claims would serve the interests of judicial

economy. Second, Defendants' argument that Plaintiff ought not to have filed suit before exhausting the proposed additional claims is undermined by the fact that the original complaint was accompanied by a request for emergency injunctive relief pertaining to his medical treatment. *Docket #3.* Admittedly, this Court found that Plaintiff did not satisfy the stringent requirements for such relief. *Docket #3, 23.* However, Plaintiff should not be required to choose between seeking what he believed was time sensitive medical intervention and forfeiting the not yet exhausted, but related claims. Because practical and public policy considerations favor adding the September and October, 2011 claims, Plaintiff will be permitted to submit an amended complaint.

### B. The Proposed Additional Claims are Not Futile

Defendants also argue that the proposed amendment fails to state claims of either Eighth or First Amendment violations. *Defendant's Response* at 4-7. They contend that Plaintiff's acknowledgment that he received at least some treatment for neuropathy defeats the claim of Eighth Amendment violations. *Id.* at 4-6 (citing *Westlake v. Lucas,* 537 F.2d 857, 860, fn 5 (6th Cir. 1970)).

I am mindful that in denying Plaintiff's previous request for injunctive relief, I noted that the original claims did not appear to rise to the level of Eighth Amendment violations. *Docket #23* at 5. However, Plaintiff's failure to demonstrate a strong likelihood of success for the purpose of determining whether immediate injunctive relief was appropriate does not defeat the present motion. *National City Bank, N.A. v. Prime Lending, Inc.* 2010 WL

2854247, *9 (E.D.Wash. July 19, 2010) ("[I]nsufficient evidence at the time of the preliminary injunction hearing to show a likelihood of success on the merits" does not establish that subsequent amendment to the complaint is futile). Plaintiff's present claim that Defendant Jenkins knowingly prescribed medicine that caused significant and arguably dangerous side effects and/or, failed to prescribe appropriate medication alleges both the objective and subjective prongs of an Eighth Amendment claim.[3]  *Docket #28* at ¶7.

Likewise, Plaintiff's allegations that Defendant Jenkins refused to provide appropriate treatment in retaliation for the filing of the present suit are not futile. *Docket #28* at ¶¶10, 13. A First Amendment retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999).

---

[3] An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2002). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* Deliberate indifference is not restricted to cases where there is a complete absence of care, and the fact that an inmate receives *some* level of medical attention does not preclude constitutional scrutiny of the quality of that care. *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989).

The proposed amendment's factual allegations state a claim of retaliation. First, the filing of the present civil rights lawsuit constitutes "protected activity." *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Thus, he has satisfied the first prong of the retaliation claim. Second, although Defendants dispute that their medical decisions constituted Eighth Amendment violations, the denial of appropriate pain treatment constitutes an adverse action.[4] *Spies*, *supra,* at *5.

Finally, the allegation that Plaintiff's access to appropriate pain treatment was deliberately stymied by Defendants in response to the filing of the present lawsuit establishes a causal connection between the filing of the lawsuit and the adverse action. Defendants cite *Davis v. Caruso,* 2008 WL 540818, *1-2 (E.D. Mich. February 25, 2008), in which the plaintiff alleged that inadequate treatment of his skin condition violated his Eighth Amendment rights and also constituted adverse action for purposes of a retaliation claim.

---

[4] An adverse action is defined as an event "capable of deterring a person of ordinary firmness from exercising his or her right to access the courts." *Thaddeus-X,* 175 F.3d at 398. Further, Defendants' contention that the absence of an Eighth Amendment violation forecloses consideration of whether Defendant Jenkins' actions nonetheless constituted an adverse action for purposes of the retaliation analysis is incorrect. "An injury may be sufficient to confer standing in a retaliation case and yet be insufficient to be redressable under constitutional tort law." *Id.* at 397, fn 13.

However, *Davis* is distinguishable from the present case. The district court, adopting the Report and Recommendation of Magistrate Judge Charles Binder, noted that the plaintiff had received "numerous appointments with nurses, doctors, and orthopedic and dermatology specialists." *Id.* at *2. Magistrate Judge Binder recommended the dismissal of the retaliation claim on the basis that it was "unsupported by any specific factual foundation." *Id.* at *8. In contrast here, Plaintiff's claim that he would continue to be denied effective treatment for pain management because he filed this lawsuit alleges a direct causal connection between Defendant Jenkins' post-lawsuit refusal to provide him with appropriate pain medication and the present action.

Plaintiff's motion [Docket #28] is GRANTED. Plaintiff shall submit an amended complaint consolidating the factual and legal allegations in the original complaint with the claims in the proposed supplemental/amended complaint within 21 days of the date of this order.

IT IS SO ORDERED.

                                                     s/ R. Steven Whalen
                                                     R. STEVEN WHALEN
                                                     UNITED STATES MAGISTRATE JUDGE

Date: October 10, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on October 10, 2012.

| | |
|---|---|
| Michael Robbins, #340564<br>G. Robert Cotton Correctional Facility<br>3500 N Elm Ave<br>Jackson, MI 49201-8887 | s/Johnetta M. Curry-Williams<br>Case Manager |