## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL ROBBINS,

        Plaintiffs,

v.                                      Case No. 11-15140

JOHN PAYNE, et al.,

        Defendants.

_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARYJUDGMENT

      Pending before the court is the report and recommendation of United States Magistrate Judge R. Stephen Whalen, to whom the case had been referred for review pursuant to 28 U.S.C. §636(b)(1)(B) and Appendix C of the Local Court Rules.  The magistrate judge recommends granting Defendants' motion for summary judgment. Plaintiff filed timely a paper labeled "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation," pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich LR 72.1(d)(2).

      The court adopts the recommendation of the magistrate judge and orders the motion for summary judgment be granted.

### I. STANDARD

      The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. §636(b)(1).  See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  This *de novo*

review requires this court to examine the relevant pleadings and such evidence as may have ben submitted in support of the motions to determine the outcome of the motions.

A failure to file objections, or a failure to file *specific* objections, each constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985), *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise only some issues in the report and recommendation, but fail to raise others with specificity, will not preserve all the objections a party might have. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987), *Willis v. Secretary of HHS*, 931 F.2d 390 (6th Cir. 1991).

## II. DISCUSSION

Each written objection presented pursuant to Federal Rule of Civil Procedure 72(b) must be "specific" and address the "proposed findings and recommendations." This court expects that each such objection will be numbered, identify a proposed finding or conclusion, and explain why and how the magistrate judge's analysis is incorrect. In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. See *Howard,* 932 F.2d at 508-509 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and

2

the district court perform identical tasks.");  *Spencer v. Bouchard,* 449 F.3d 721, 725

(6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Here, Plaintiff has failed to present any argument which would provide a reason

to even review, let alone reject the Magistrate Judge's Report and Recommendation.

Rather than pointing to any specific objection to the Magistrate Judge's proposed

findings and recommendations, Plaintiff provides merely an abbreviated version of his

response to Defendants' dispositive motion.  Plaintiff calls the Report "ill fated because

it did not take into account the reply [sic–response]," and alleges that the Report did not

"take into account that that [sic] a summary judgment is not appropriate where, as here,

a genuine issue of material facts [sic] exists warranting further adjudication o the

merits."  Observations such as these are platitudes, not objections.  Moreover, the

court's own review of Plaintiff's "Reply" [Dkt. #61] to the Defendants' motion reveals that

it consists mainly of allegations of fact and conclusions but little, if any, by way of

analysis.  The Report and Recommendation, in contrast, provides cogent explanation

and analysis.

Plaintiff's presentation in this instance shall be treated as if he had simply failed

to object at all.  As discussed above, Plaintiff's opposition brief barely mentions the

Magistrate Judge's report and recommendation, let alone raise any issue which has any

bearing on the Magistrate Judge's analysis in the report.  With no objections presented,

Plaintiff has waived the right to *de novo* review by this court and further right of appeal.

*Walters*, 638 F.2d at 949-50; *Arn*, 474 U.S. at 155;  *Howard*, 932 F.2d 508-09.  The

court has nonetheless read the report and recommendation, and finds that it is well-

reasoned, thorough, and correct.

3

**IV. CONCLUSION**

For the reasons discussed above, IT IS ORDERED that the magistrate judge's

report and recommendation [Dkt. # 62] is ADOPTED IN FULL and incorporated by

reference.  IT IS FURTHER ORDERED that the motion for summary judgment [Dkt. #

46] is GRANTED.

s/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 26, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, September 26, 2014, by electronic and/or ordinary mail.

s/Lisa Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-15140.ROBBINS.Adopt_R&R_Dismiss.wpd

4