**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL ROBBINS,

    Plaintiff,

v.                                                                 Case No. 11-15140

JOHN PAYNE, and
PRISON HEATH SERVICES,

    Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION TO VACATE ORDER TO SEAL
EXHIBITS AND UNSEALING DOCKET ENTRY 48**

Plaintiff Michael Robbins asks this court to vacate the order to seal exhibit A-1. (ECF No. 78.) Plaintiff filed a lawsuit on November 21, 2011 claiming medical providers were deliberately indifferent to his medical needs in violation of the Eight Amendment's Cruel and Unusual Punishments Clause. (ECF No.1.) Defendants moved for summary judgment (ECF No.46) and this court adopted the magistrate judge's Report and Recommendation and granted Defendants' Motion for Summary Judgment. (ECF No.67.) Plaintiff appealed, and the Sixth Circuit affirmed this court's judgment on July 30, 2015. (ECF No.75). The case has thus been closed for almost four years.

Now before the court is Plaintiff's motion to vacate a text entry order dated May 9, 2014. The May 9, 2014 order had granted Defendants' unopposed motion to submit under seal Exhibit A-1 to their Motion for Summary Judgment. Defendants' motion to seal exhibit A-1 was brought "out of an abundance of caution" to comply with HIPAA, the Health Insurance Portability and Accountability Act, and 42 U.S.C §§ 1320d to d-8.

(ECF No.47.) Defendants also stated that sealing Plaintiff's medical records avoided any unnecessary public disclosure. *Id.* Plaintiff at that time did not object to the sealing of his medical records, but now seeks to vacate the court's order to seal and to unseal Exhibit A-1. Defendants have not filed any opposition to the motion. For the following reasons, the court will grant Plaintiff's motion.

There is a "strong presumption" in favor of open court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The party seeking to seal records before the court has the burden of overcoming that presumption. *Id.* "The burden is a heavier one than for a protective order: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* at 305-06. (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). In a case of civil litigation, information covered by a recognized privilege (attorney-client), information required by statute, and only trade secrets are typically found to be enough to overcome the presumption of access. *Rudd Equipment Co., Inc., v. John Deere Construction & Forestry Co.*, 834 F.3d 589 (6th Cir. 2017).

The greater the public interest in the litigation, the greater the moving party's burden. *Shane Grp., Inc.*, at 305. Where the party meets that burden, "the seal itself must be narrowly tailored" to serve the compelling reasons for the seal. *Id.* at 305. An absence of any information as to why the interests of sealing the document outweigh the public interest does not meet the burden necessary to seal records. *Id.* at 307.

Plaintiff asks this court to vacate its order to seal an exhibit relating to his personal medical history. He requests that his records be placed on the open court record, therefore waiving any recognizable privilege and statutory protection. Taking

into consideration the fact that Plaintiff's motion is unopposed and the case is now closed, there are no compelling reasons to keep Plaintiff's own medical records under seal when he himself requests they be unsealed. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Vacate Order to Seal Exhibits (ECF No.78) is GRANTED and the court's May 9, 2014 order is VACATED.

IT IS FURTHER ORDERED that the Clerk of the court is DIRECTED to UNSEAL exhibit A-1. (ECF No.48.)

                                      s/Robert H. Cleland            /
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated: June 26, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2019, by electronic and/or ordinary mail.

                                      s/Lisa Wagner               /
                                      Case Manager and Deputy Clerk
                                      (810) 292-6522